UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD ROMINE, | No. 2:17-cv-2297 TLN DB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| EL DORADO COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

This action came before the undersigned on January 12, 2018, for hearing of defendants' motion to dismiss and motion to declare plaintiff vexatious.[1] Plaintiff Chad Romine appeared on his own behalf. Attorney Kristin Blocher appeared on behalf of the defendants. After hearing argument from the parties, defendants' motions were taken under submission.

## BACKGROUND

Plaintiff Chad Romine, proceeding pro se, commenced this action on November 1, 2017, by filing a complaint and paying the required filing fee. (ECF No. 1.) Therein, plaintiff alleges, generally, that in 2011, plaintiff "bought a remanufactured master cylinder from Autozone" and took the part to "Big O Tire 5085 Cameron Park, California," for a "'pressure' inspection." (Id.

---

[1] Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

at 4.²) Plaintiff became embroiled in a dispute with the proprietor, and an Eldorado County Sherriff's Deputy intervened in the dispute. (Id. at 4-6.) On October 19, 2015, plaintiff was involved in a similar dispute at Thomson's Toyota of Placerville. (Id. at 7.)

After these events, plaintiff filed two civil actions in this court, case numbers "2:16-CV-0212-TLN-EFB (PS)," and "2:15-CV-00401-GEB-KJN (PS)." (Id. at 12-13.) The complaint filed in this action seeks, in relevant part: (1) "orders from this court declaring the Magistrate Judge Edmund F. Brennan's Findings and Recommendations void . . . AND requests orders in this case granting [plaintiff] leave to amend in 2:16-CV-02012-TLN-EFB (PS)"; (2) "orders from this court declaring the Magistrate Judge Kendall J. Newman's Findings and Recommendations are void . . . AND requests orders in this case granting [plaintiff] leave to amend in 2:15-CV-00401-GEB-KJN (PS)"; (3) "the Final Judgment entered by District Court Judge Troy Nunley vacated also as void"; (4) "the Leavy, Fletcher, Owens Appellate Panel withdraw its previously filed opinion in 16-15218³,"; and (5) permission to "proceed directly to the United States Supreme Court in 17-16894 . . . and . . . all cases be transferred to the United States Supreme Court for Writ of Certiorari . . . ." (Id. at 12-14.)

Named as defendants in the complaint are the El Dorado County Sheriff's Department, Deputy Sargeant Visfiere, and Ken Meyers. (Id. at 1.) On November 27, 2017, defendants El Dorado County Sheriff's Department and Sergeant Visfiere, ("defendants"), filed a motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Rules").⁴ (ECF No. 4.) On December 7, 2017, defendants filed a motion seeking to

---

² Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

³ On March 23, 2017, the Ninth Circuit, in case No. 16-15218, affirmed the decision of the district court in Romine v. Big O Tires Corporate Headquarters, No. 2:15-cv-0401 GEB KJN (PS), dismissing plaintiff's complaint without leave to amend. See Romine v. Big O Tires Corporate Headquarters, 685 Fed. Appx. 516, 517 (9th Cir. 2017).

⁴ Although defendant Meyers has not appeared in this action, the undersigned recommends this action be dismissed as to defendant Myers for the reasons articulated by the moving defendants. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir.1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims

2

declare plaintiff a vexatious litigant and for the award of attorney's fees. (ECF No. 6.) Plaintiff filed an opposition to defendants' motion to dismiss on December 11, 2017. (ECF No. 8.) Defendants filed replies on January 3, 2018. (ECF Nos. 9 & 10.)

## STANDARDS

I. <u>Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)</u>

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." <u>Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See <u>Sea Vessel Inc. v. Reyes</u>, 23 F.3d 345, 347 (11th Cir. 1994); <u>Osborn v. United States</u>, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. <u>Savage v. Glendale Union High Sch. Dist. No. 205</u>, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); <u>Miranda v. Reno</u>, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. <u>Safe Air for Everyone</u>, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. <u>Thornhill Publ'g Co.</u>, 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any

---

against such defendants are integrally related.").

3

evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

II.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

I. Defendants' Motion to Dismiss

Plaintiff's complaint must be dismissed for the reasons raised by defendants' motion to dismiss. In this regard, the complaint asserts that this action is brought pursuant to 42 U.S.C. § 1983. (Compl. (ECF No. 1) at 1.)

Title 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 does not contain a specific statute of limitations. "Without a federal limitations period, the federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" Butler v. National Community Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007)); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Before 2003, California's statute of limitations for personal injury actions was one year. See Jones, 393 F.3d at 927. Effective January 1, 2003, however, that limitations period became two years. See id.; Cal. Code Civ. P. § 335.1. The most recent date alleged in plaintiff's complaint is October 19, 2015. (Compl. (ECF No. 1) at 7.) This action, however, was not commenced until November 1, 2017. (ECF No. 1.)

////

5

Moreover, the defendants named in this action are barely mentioned in the complaint and the true thrust of plaintiff's complaint does not concern those defendants. Instead, the complaint is actually seeking review of plaintiff's prior civil actions. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Additionally, jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

Here, the complaint asks this court to review the decisions of two previously decided district court actions, and to "withdraw" a decision of the Ninth Circuit Court of Appeals. (Compl. (ECF No. 1) at 13.) This request provides the court with neither federal question nor

diversity jurisdiction over this action. And this Court is bound by decisions of Court of Appeals for the Ninth Circuit. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).

Accordingly, the undersigned recommends that defendants' motion to dismiss be granted.

II. Leave to Amend

The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim upon which relief could be granted and over which the court would have subject matter jurisdiction. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

In light of the deficiencies noted above, the undersigned finds that it would be futile to grant plaintiff leave to amend. Accordingly, the undersigned will recommend that plaintiff not be granted leave to amend.

III. Defendants' Motion to Declare Plaintiff a Vexatious Litigant

The Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits); see also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057-62 (9th Cir. 2007).

Local Rule 151(b) provides that "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural rule of this Court on the basis of which the Court may order the giving of security, bond, or undertaking, although the power of the court shall not be limited thereby." California Code of Civil Procedure, Title 3A, part 2, commences with § 391 and defines a "vexatious litigant" as including those persons acting in propria persona who "repeatedly files unmeritorious motions, pleadings, or other papers . . . or engages in other tactics that are frivolous or solely intended to cause

unnecessary delay." Cal. Code Civ. Pro. § 391(b)(3).

Pre-filing review orders, in which a complainant is required to obtain approval from a United States Magistrate Judge or District Judge prior to filing a complaint, can appropriately be imposed in certain circumstances but "should rarely be filed." DeLong, 912 F.2d at 1147; see also Molski, 500 F.3d at 1057. "When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'" Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting DeLong, 912 F.2d at 1147-48).

Absent "explicit substantive findings as to the frivolous or harassing nature of the plaintiff's filings," a district court may not issue a pre-filing order. O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990). To make substantive findings of frivolousness, the district court must look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. In re Powell, 851 F.2d 427, 431 (9th Cir. 1988); see also Moy v United States, 906 F.2d 467, 470 (9th Cir. 1990) (a pre-filing "injunction cannot issue merely upon a showing of litigiousness."). "'The plaintiff's claims must not only be numerous, but also be patently without merit.'" Ringgold-Lockhart, 761 F.3d at 1064 (quoting Molski, 500 F.3d at 1059).

Alternatively, "the district court may make [a] finding that the litigant's filings 'show a pattern of harassment.'" Ringgold-Lockhart, 761 F.3d at 1064 (quoting De Long, 912 F.2d at 1148). However, courts "must be careful not to conclude that particular types of actions filed repetitiously are harassing, and must [i]nstead . . . discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." Id. (quoting De Long, 912 F.2d at 1148) (internal quotation marks omitted).

Here, plaintiff has previously filed two actions. In Chad J. Romine v. Big O Tires Corporate Headquarters, et al., No. 2:15-cv-0401 GEB KJN PS (TEMP), the complaint's federal claims were dismissed without prejudice for lack of subject matter jurisdiction and the court

8

declined to exercise supplemental jurisdiction over the complaint's state law claims. (Defs.' RJN (ECF No. 7) at 19-28.) On appeal, the Ninth Circuit affirmed the dismissal of the federal claims "on the alternate basis that Romine failed to allege facts sufficient to state a plausible claim for relief." Romine v. Big O Tires Corporate Headquarters, 685 Fed. Appx. 516, 517 (9th Cir. 2017). The Ninth Circuit also found that the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the complaint's state law claims. Id.

In the second action, Chad Romine v. Geoff Duppman, et al., No. 2:16-cv-2012 TLN EFB PS, plaintiff's claims were dismissed without leave to amend for lack of jurisdiction. See Romine v. Duppman, No. 2:16-cv-2012 TLN EFB PS, 2017 WL 1740660, at *9 (E.D. Cal. May 4, 2017). An appeal of that order is pending before the Ninth Circuit.

In this regard, plaintiff has only filed two prior actions. In the first action, plaintiff's state law causes of action were never evaluated. The second action is pending appellate review. It does not appear that in either case the court made an explicit finding of frivolousness. And even assuming *arguendo* that the two prior actions were entirely frivolous, the undersigned would be reluctant to find a plaintiff vexatious under such circumstances. See Ringgold-Lockhart, 761 F.3d at 1065 (noting that it would be "extremely unusual" to make a vexatious litigant finding on the basis of two successive actions).

Moreover, plaintiff has been proceeding pro se in these actions. It appears to the undersigned, from a review of plaintiff's filings and oral argument, that plaintiff's motive is not to harass but stems from a considerable misunderstanding of the law and proper procedure. See Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2nd Cir. 1986) (among the factors to consider in deciding whether to find plaintiff vexations are the plaintiff's motive in pursuing the litigation and whether the plaintiff was represented by counsel).

The undersigned, however, will find that this action is frivolous. And plaintiff is cautioned that if he continues filing new lawsuits based on the events related to these three lawsuits, or to their litigation, plaintiff may be declared vexatious, may be subject to a pre-filing review order, and may be ordered to pay reasonable attorney fees. The undersigned anticipates that plaintiff will not file any new frivolous lawsuits related to the events at issue in this action.

For the reasons stated above, the undersigned finds that defendants' motion to declare plaintiff vexatious and for attorney's fees should be denied.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' November 27, 2017 motion to dismiss (ECF No. 4) be granted;

2. Defendants' December 7, 2017 motion to declare plaintiff vexatious (ECF No. 6) be denied;

3. Plaintiff's complaint be dismissed without leave to amend; and

4. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 8, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\romine2297.mtd.f&rs